UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

CIVIL ACTION NO. _____

**GABRIELLE HALE,**

           **Plaintiff,**

**v.**

**PIKEVILLE MEDICAL CENTER, INC.,**

           **Defendant.**

### PREAMBLE TO COMPLAINT

This litigation asserts that Pikeville Medical Center, Inc.'s employee, Malisa Moss, D.O., negligently performed a cesarean section on Gabrielle Hale which resulted in permanent injuries. Pikeville Medical Center, Inc., as the employer Malisa Moss, D.O., is vicariously liable for her negligent injuries. Pursuant to KRS 477.167 Gabrielle Hale, through her counsel, has consulted with at least one expert qualified pursuant to the Kentucky Rules of Civil Procedure and the Kentucky Rules of Evidence who is qualified to give expert testimony as to Malisa Moss, D.O.'s violations of the standard of care and how they caused injury. Gabrielle Hale's counsel reasonably believes that the expert(s) consulted is knowledgeable as to the relevant issues involved in the case and that both the expert and Gabrielle Hale's counsel have each concluded on the basis of review and consultation that there is a reasonable basis to commence this litigation. Attached to this Complaint is a Certificate of Merit executed by Gabrielle Hale in conformity with KRS 411.167.

## **COMPLAINT**

Now comes Gabrielle Hale, who asserts the following claims against Pikeville Medical Center, Inc.

1. At all times relevant to the matters alleged in this Complaint, Gabrielle Hale was and continues to be a resident and citizen of the State of Virginia.

2. At all times relevant to the matters alleged in this Complaint, Pikeville Medical Center, Inc. was a Kentucky corporation with its principal place of business located in Pikeville, Kentucky.

3. At all times relevant to the matters alleged in this Complaint, Malisa Moss, D.O. was employed by Pikeville Medical Center, Inc. and worked in its hospital located in Pikeville, Kentucky.

4. At all times relevant to the matters alleged in this Complaint, Gabrielle Hale was a patient at the Pikeville Medical Center, Inc.'s hospital located in Pikeville, Kentucky and was under the care and treatment of Pikeville Medical Center, Inc.'s employee Malisa Moss, D.O.

5. At all times relevant to the matters alleged in this Complaint, when Malisa Moss, D.O. provided any type of medical care or treatment to Gabrielle Hale, she did so as an employee, agent, and/or servant of Pikeville Medical Center, Inc. and was acting within the scope of her employment.

6. The authorized agent for service of process for Pikeville Medical Center, Inc. is Erich Blackburn whose address is 164 Main Street, Suite 200, Pikeville, Kentucky, 41501.

7. Jurisdiction is appropriate under 28 U.S.C. §1332 based upon diversity of citizenship as Gabrielle Hale and Pikeville Medical Center, Inc. are citizens of different states and the amount in controversy is greater than $75,000 exclusive of costs and attorney's fees.

8. On September 9, 2023, Gabrielle Hale was admitted to Pikeville Medical Center, Inc.'s hospital in Pikeville, Kentucky and was pregnant with an estimated date of delivery for October 21, 2023.

9. At the time of her admission, Gabrielle Hale was diagnosed with a spontaneous rupture of membranes, and subsequently came under the care of Pikeville Medical Center, Inc.'s employee, Malissa Moss, D.O., who scheduled her for an emergency C-section.

10. At the conclusion of the C-section, while closing the peritoneum, Malisa Moss, D.O. negligently placed a suture into Gabrielle Hale's bowel and thereafter, negligently failed to recognize the improper placement of the suture.

11. Gabrielle Hale returned to the Pikeville Medical Center on September 12, 2023, with reports of nausea, vomiting, and constipation. After a two (2) day admission, her condition improved, she was diagnosed as having had an ileus, and she was subsequently discharged.

12. On September 20, 2023, Gabrielle Hale was admitted to the BallardHealth Hospital in Norton, Virginia with complaints of abdominal pain and constipation. Her History and Physical noted that she woke up that morning with nausea, vomiting, and increased abdominal pain.

13. Her examination at the BallardHealth facility noted that she met its sepsis criteria with tachycardia and a white count of 32,000. Imaging of her abdomen revealed a dilated proximal small bowel to a maximum diameter of 3.4 cm with abrupt transition to decompressed bowel in the anterior central abdomen as well as with associated small bowel feces. These findings were most compatible with an acute small bowel obstruction.

14. Gabrielle Hale then underwent a diagnostic laparoscopy with an open-bowel resection with side-two-side stapled anastomosis. Because large dilated loops of small intestine with obvious necrosis along the pelvis and anterior abdominal wall were discovered with the laparoscope, the operation was converted to an open procedure. After gaining access to the intraabdominal cavity, the operating surgeon was able to identify a suture that had been placed across the small bowel which was the cause of the obstruction.

15. As a result of the removal of a significant portion of small bowel, Gabrielle Hale has developed gastrointestinal problems for which she is continuing to seek treatment.

16. Placing a suture in the bowel causing an obstruction of the small bowel during the closing of the peritoneum after a C-section, as well as the failure to recognize that such a suture has been misplaced, is a deviation from the standard of care.

17. Malisa Moss, D.O. owed Gabrielle Hale the duty to treat her and provide medical services to her in a competent and non-negligent manner.

18. Malisa Moss, D.O. violated the applicable standard of care while performing a Cesarean Section on Gabrielle Hale on September 9, 2023, by, among other things,

placing a stitch that obstructed Gabrielle Hale's small bowel and negligently failing to recognize that she had done so.

19. Malisa Moss, D.O., in her care and treatment of Gabrielle Hale, during her September 9, 2023 to September 11, 2023 admissions to Pikeville Medical Center, Inc.'s hospital located in Pikeville, Kentucky failed to act in the same manner that a reasonably prudent obstetrician would under like or similar circumstances.

20. Malisa Moss, D.O. deviated from the acceptable medical practice and standard of care during her the performance of a C-section on Gabrielle Hale on September 9, 2023 and therefore breached her duty of reasonable care to Gabrielle Hale.

21. Pikeville Medical Center, Inc., as the employer of Malisa Moss, D.O., is vicariously liable for the negligent actions and other violations of the standard of care committed by Malisa Moss, D.O. during her care and treatment of Gabrielle Hale.

22. As a direct and proximate result of the negligence of Malisa Moss, D.O., Gabrielle Hale incurred an obstruction of her small bowel, the loss of a significant portion of her small bowel, was required to undergo an emergency surgery that would not have otherwise been necessary but for the negligence of Malisa Moss, D.O., has permanent disfigurement, has incurred past and will incur future pain and suffering, and has incurred other compensatory damages including but not limited to past and future medical expenses and related costs, physical and mental pain and suffering, mental anguish, disfigurement, lost wages, and other damages permitted under Kentucky law.

WHEREFORE, Plaintiff respectfully demands the following:

1. A trial by jury on issues so triable.

2. That Gabrielle Hale recover compensatory and/or statutory damages from the Defendant for all compensable losses suffered by her including all damages recoverable under Kentucky law.

3. That the Court enter such other relief as is deemed just and proper.

GABRIELLE HALE,
By Counsel

_____
Liz J. Shepherd, Esq. (KY Bar No. 84033)
Dolt, Thompson, Shepherd & Conway, PSC
13800 Lake Point Circle
Louisville, KY 40223
Phone: 502-369-0616
Email: lshepherd@kytrial.com